Ruth J. Banes, *et al.*, v. Julington Holding Co., *et al.*

192 So. 228
Division A
Opinion Filed November 24, 1939
Rehearing Denied December 6, 1939

*George C. Bedell* and *Chester Bedell*, for Appellants;
*Austin Miller, Albion W. Knight.* and *K. L. Walrath*, for Appellees.

Per Curiam.—A suit to remove cloud on title and for injunction was filed March 31, 1928. Service was had on defendants. Answers were filed. The bill of complaint was amended and a supplement to the bill of complaint was filed.

Order of reference was made October 24, 1928.

On August 24, 1937, defendants filed motion to dismiss, and on the same day plaintiffs moved that the master be required to report his findings.

On September 2, 1937, the plaintiffs filed motion to dismiss as to certain defendants and to revive the cause. This motion was amended.

On October 10, 1938, the court entered an order which is in part as follows:

"This cause coming on this day to be heard upon motion of the defendant, Ruth J. Banes, a widow, to dismiss the above entitled cause, filed herein on August 24, 1937, and upon amended motions of the plaintiff to dismiss said cause as to the defendants George M. Banes and Hester James McClendon and to revive said cause in its entirety and to revive said cause as to the heirs and distributees of certain of the deceased defendants and to substitute certain necessary parties defendants in lieu of deceased parties, which amended motions were filed herein on September 14, 1937, and said motions having been argued by counsel for the plaintiff and for the defendant, Ruth J. Banes, a widow, and having been submitted, and it appearing to the court and the court finding that the plaintiff has shown sufficient cause as to why no steps have been taken herein for such a long period of time, as against said motion of defendant to dismiss, upon consideration, it is

"ORDERED, ADJUDGED AND DECREED that the motion of the defendant Ruth J. Banes, a widow, to dismiss this cause be and the same is hereby denied.

"It is further Ordered, Adjudged and Decreed that the motion of the plaintiff to dismiss this cause as to the defendants George M. Banes and Hester James McClendon, be and the same is hereby granted and within cause is dismissed as to the defendants, George M. Banes and Hester James McClendon."

The order then decreed substitution of parties and revived the cause as to all parties. Appeal is from that order.

It appears from the record that the master proceeded to take testimony of the parties soon after the order of reference but defendants' testimony was not delivered to defendants because the master was not paid his legal fees for

the taking of the testimony, nor was any order applied for requiring the master to file the testimony.

The record further shows that the defendants delivered to their counsel of record, who died before this appeal was taken, the sum required to pay for the testimony but counsel failed to pay it over where it was due, although demand was often made by attorneys for plaintiff that the fees be paid the master to compensate the reporters taking the testimony.

Under this state of facts the court below held that the delay was chargeable to the defendants. The defendants, appellants here, contend that they should not be charged with the delay because they promptly paid the necessary funds into the hands of their attorney and finally, after many years, required to pay a like sum to compensate the reporters for taking the testimony.

We must hold that the chancellor committed no error in this regard. It was the defendants' duty to see that the money was paid to whom it was due and the payment to their attorney did not relieve them of this obligation. If the attorney failed in his duty the relief available to the defendants was against their attorney. The defendant cannot cause delay in the disposition of the cause and then take advantage of that delay.

Therefore, the order appealed from should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.